The plaintiff in this case is appealing from a judgment of the Fourth District Court rejecting his demands for compensation for not exceeding four hundred weeks. He alleges that he was employed by Commercial Solvents Corporation at the Dixie Ordnance Works near Sterlington, La., as a compressor operator, and that among his duties was that of emptying barrels of used oil and that the barrels contained explosive substances which he believes to have been ammonia and other poisonous gases and that these barrels had been setting in the sun and heated the ammonia and other substances and that gas was formed, and a bung blew out of the barrel and the oil and other substances struck the right side of his head and face and the liquid containing oil, rust, trash, ammonia and other substances was thrown in his right eye. He alleges that the accident occurred on or about September 19, 1943, while he was on a stepladder and that he was knocked backwards off the ladder to the floor and that he reported to the first aid and was treated for the burns but was not given any treatment for his eye and that he has had trouble with his eye ever since the accident. He alleges that he has not entirely lost sight in his right eye but that it is virtually out, and he has sufficient vision that when his right eye is open he sees two objects instead of one and that his vision became so poor, and he continued to see double, that on or about the 8th day of June, 1944, he could work no longer and had to quit his job. He alleges that prior to the accident he was an able-bodied man and had two good eyes and that as a result of the accident he has been rendered totally and permanently disabled to do work of any reasonable character on account of the dim vision in his right eye.
He alleges that at the time of the accident the defendant, Commercial Solvents Corporation, was insured by the Aetna Casualty Surety Company.
The answer of the defendants admits that plaintiff allowed used oil to contact his head and face but denies that this caused any disability and, on the contrary, it avers that plaintiff continued in his employment without apparent injury or complaint. It further avers that plaintiff has in fact lost the entire vision of his right eye but that this condition was not caused by any accident occurring while he was in defendant's employ.
On the trial of the case plaintiff and his witnesses, Dr. J.N. Jones, C.J. Jackson and V.E. Raines, say it was on or about September 19, 1943, that plaintiff's eye was injured. Defendants' witnesses say the accident plaintiff complains of happened on August 19, 1943, and the preponderance of the evidence leads to the conclusion that the accident did happen August 19 instead of September 19.
On August 19, 1943, while plaintiff was working at the job of reclaiming or cleaning used oil so it could be used again, he was standing on a small step-ladder taking *Page 685 
what is commonly called the bung out of a barrel of oil so it could be emptied into a tank for reclaiming or cleaning it to be used again. In order to empty the oil from the barrel, it had to be pulled up with a hoist so as to get above the tank. The barrels are of metal and have two holes in one end, a small one to let air into the barrel so the oil will run out of the larger one. Plaintiff says that it exploded, but the barrel didn't really explode. The oil had some ammonia and possibly other substances in it and when plaintiff loosened the bung, the oil rushed out with unusual force and, striking the lid to the tank which was set at about a forty-five degree angle, bounced back and covered plaintiff's face and clothing with this oil and some of it got in his right eye. He went to a place nearby where there was boric acid water kept for the purpose, and washed his eye and face and then went to the first aid station maintained at the plant, and a nurse, Miss Frances A. Bennison, washed his eye out and put some argyrol in his eye and treated the ammonia burns on his face. There is some dispute as to whether she put a bandage on his eye but it appears that she did because other witnesses said he wore a bandage several days. Apparently he never returned to the first aid any more for treatment for this injury but he continued to work, and he and Dr. Jones say that Dr. Jones put bandages on his eye for several days.
Apparently plaintiff never suffered from the accident to amount to anything, though he now says he did, because he continued to work from thirty-seven to forty-eight hours a week until the last of May, 1944, some nine months after the accident. About May 22, 1944, he went to the hospital at the plant complaining of his right eye. Mr. Stoneheart, head of the personnel office of the defendant, Commercial Solvents Corporation, says he asked plaintiff if he had been in an accident and that he said no at that time, but next day recalled the oil barrel exploding, as he says. On the first day he was advised to see an eye specialist, but was told that he would have to pay for it himself as he had not been injured and he did go to see Dr. Joe P. Brown, and it was then found that the vision in his right eye was 20-200 and his left eye normal, and there was a hole in the macula region of the eye. The employer then sent him to see Dr. P.L. Perot, who found about the same condition of the eye, but he says there were signs of recent hemorrhage in the macula region of the right eye, indicating recent development of whatever injury there was to the eye. All of the specialists, including Dr. L.W. Gorton, who testified for plaintiff, are of the opinion that for all practical purposes plaintiff has lost his right eye, but all of them except Dr. Gorton also agreed that it would take a rather severe blow by some solid object in the region of the eye to cause the condition they found. They also testified that this trouble may be systemic, that is, caused by disease, but that it is unusual for disease to cause this trouble in a person the age of plaintiff.
Plaintiff told a great many different stories about his injury and apparently like a rumor, it built up in his mind to where he concluded that the bung of the barrel struck him near his eye, while earlier stories that he told about it refer only to getting the used oil in contact with his face and eye, and the pleading charges only that oil, rust and trash struck his eye.
[1, 2] Plaintiff, in a compensation case, as in all other cases, is required to make out his case by a clear preponderance of the evidence, and in this case we agree with the district judge that he has failed to do this. There are a number of reasons for reaching this conclusion, among which is that plaintiff never made any complaints about his eye from August 19, 1943, to May 22, 1944. It is shown by records of the employer that he did go to the first aid on August 26, 1943, complaining with a contusion of his right foot which he reported having been caused by kicking an oil barrel to keep it from going into a ditch, and again on September 24 or 25, 1943, he reported to the first aid for treatment of an abrasion of right middle finger which he reported as having been caused by a wrench slipping and hitting his finger, and at none of these times did he make any complaint about his eye.
While there can be no doubt that the plaintiff has lost the vision of his right eye for all practical purposes, we are not able to connect this loss with the apparently slight injury he received on August 19, 1943, and for these reasons the judgment of the district court will be affirmed. *Page 686 
In this court defendant has filed a plea of prescription of one year, the accident having happened on August 19, 1943, and suit having been filed September 6, 1944. However, counsel for defendant stated in oral argument that the plea was in the alternative and to be considered only in the event this court should reverse the judgment on the merits, and inasmuch as we are affirming the judgment on the merits, it is not necessary to pass on the plea of prescription.
Costs of both courts to be paid by plaintiff.