ELLIS, Judge.
Plaintiff is claiming permanent total disability as the result of an alleged accidental injury on or about the 19th day of November, 1948 while in the course of his employment with the defendant.
Defendant admits that the cause of action, if any, is governed by the Workmen’s Compensation Law of Louisiana Act No. 20 of 1914, as amended, but denied that the plaintiff suffered any injury as the result of the accident, denies that he is disabled but, if so, that there is any connection between his disability and the accident.
Judgment was rendered in favor of the defendant and against the plaintiff dismissing plaintiff’s suit at his cost for reasons which were dictated by the trial judge at the close of the testimony and in which he stated that in his opinion the plaintiff had failed “to show by a preponderance of the evidence ‘the injury’ provided for by the Act.” It is from this judgment that the plaintiff has appealed. .
The evidence shows that the defendant operated a “sugar plantation” which consisted of farming operations and also the operation of a sugar mill, and that the plaintiff was employed as a driver of a cane truck; that on the 19th day of November, 1948 he was driving this truck in the course of his employment when he lost consciousness for some unknown reason and the truck ran into the corner of a store building and plaintiff was found on the floor of the truck, foaming at the mouth and his body jerking. He was immediately taken to Dr. C. M. Horton (coroner of St. Mary Parish) who found no evidence of any external or internal injuries. He was of the opinion that plaintiff became’unconscious as the result of an epilepsy seizure, basing this upon -the description of the plaintiff when found. However, the plaintiff contends that he was overcome by gas fumes from the motor of 'the truck which came through a hole in the floor board. It is not proven or shown as to what caused the plaintiff to become unconscious while driving the truck, however, we are not inclined to believe he. was overcome by gas fumes as one window was entirely broken out of the truck.
It is more or less immaterial as to what caused him to lose consciousness, the main question being whether he suffered any injury as the result of the accident which caused or aggravated a tumor-like mass in the upper chest or lower neck which objectively developed, some weeks after the accident.
The plaintiff did not work any more for the defendant, and approximately three weeks, as near as we can ascertain from the testimony, after the accident he went to Dr. Edward F. Jacquet, who practiced in Morgan City, Patterson and Franklin, Louisiana, and this doctor testified that he believed the mass was possibly an enlargement of the thyroid gland and gave symptomatic treatment- for this condition and advised the plaintiff that, if he did not get relief, to come back to his office within eight or ten days, which the plaintiff did. At that time he found no change in the consistency of the mass but did find changes which caused him concern regarding the shortness of breath of the plaintiff and the enlargement of the mass, and he therefore referred the- patient to the Charity Hospital in New Orleans. He found no objective symptoms of traumatic injury, nor did the plaintiff give a history of-, any recent traumatic injury at that time. This doctor did testify that it was possible but doubtful in his mind that his condition was of a traumatic nature or that trauma could have caused or aggravated the condition. He also testified that the plaintiff could have *386 driven a truck in the condition in which he found him on the date of his examination, however, this is somewhat inconsistent with his testimony as to concern over the plaintiff’s shortness of breath and enlargement of the tumor-like mass and with the fact that he referred plaintiff to the Charity Hospital.
The history which the plaintiff gave when he entered the hospital was that “patient states that about two months ago he began coughing, more than usual, he thought he was taking a cold. This coughing was production of about 3-4 tablespoonsful of yellowish sputum per day. About one week later while driving a truck he suddenly became dizzy and fainted.” This, of course, shows that the plaintiff had some sort of chest troubles prior to the accident. Plaintiff stayed two months and two days at Charity Hospital and left without being discharged dr giving any notice to the hospital authorities. His trouble was diagnosed as a tumor. The report shows no traumatic injury nor any claim by the plaintiff that his condition was due to any injury as the result of an accident.
Dr. Bass had never seen the plaintiff prior to the date he gave his testimony and had looked at the hospital report approximately one hour before taking the stand. From the report he testified that to his mind it was not a question of whether the accident was a primary cause of the disability but whether the condition which the plaintiff had (a tumor-like mass) had been aggravated .by any injuries which 'he might have suffered as a result of the injury. He thought it was possible that if trauma existed as the result of the accident that this tumor might have grown thus due to aggravation, but he also testified that this same condition which the plaintiff had could have been found in a person who had not been subjected to trauma.
In addition to the above testimony, there were five lay witnesses who were acquainted with the plaintiff and who. testified that prior to the accident he had been able to work and that subsequent thereto he had not, and that shortly after the accident the swelling had developed in his throat and around his neck. The main complaint of the plaintiff was that he was dizzy, which the doctors were unable to attribute to the tumor-like mass.
We therefore have a case of a man who was working without any discomfort or trouble and who had an automobile accident but who, evidently 'had had some chest or throat trouble prior to the accident and who, within three weeks thereafter, developed swelling in his neck and chest and experienced difficulty in breathing; who complained after the accident of his head and chest hurting and of dizziness but the doctors were unable to testify that the conditions which caused the swelling and shortness of breath had any connection with or might have been caused by any injury suffered in the accident, apparently believing that the condition existed, prior thereto, but admitting that there was a possibility that such a condition was subject to aggravation by an injury. However, the doctors who examined him testified that he had no such injury and the condition, therefore, could not have been aggravated as a result of the accident. In addition, the medical testimony was to the effect that he was able to drive a truck, which was his occupation at the time of the injury.
Taking all of the testimony in the record, we do not believe that the accident resulted in any injury to the plaintiff which caused or aggravated his condition. The fact that there might be a possibility that his condition was aggravated as the result of an injury in the accident is not sufficient. We agree with the trial judge that plaintiff has failed to prove “an injury” which brought on or aggravated his condition.
It is ordered that the judgment of the District Court be affirmed.