YARRUT, Judge ad hoc.
Plaintiff appeals from a judgment in favor of her employer and its insurer denying her compensation for a disabling injury alleged to have been suffered in an automobile accident while she was on a mission for her employer.
Part of plaintiff’s duties was to demonstrate mechanical household appliances in the homes of prospective customers and in the places of business of jobbers. She used an automobile to get around, for the maintenance of which she was given a weekly allowance while in the city, and a mileage allowance while in the country. In the performance of her duties she was permitted to exercise her discretion.
Plaintiff was injured one morning at 9 :30 on her way to demonstrate an appliance to a prospective customer. A truck ran into the rear of her automobile while she was waiting for a change of a traffic light at a street intersection.
Defendants admit that plaintiff’s employment brings her within the scope of the Workmen’s Compensation Law, LSA-R.S. 23:1021 et seq., but deny (1) that she was injured in the course and scope of her employment, and (2) that she now has a disabling injury.
Because plaintiff could come and go as she pleased in the performance of her duties, and was not under constant supervision by her superiors, and could as well have been on a mission of her own, it is defendants’ contention that plaintiff has not sustained the burden of proof that she was about her employer’s business when the accident happened. She testified, without contradiction, that as soon as possible after the accident, she telephoned to her office, advising the telephone operator, the office manager, and two others (giving their names) of her accident and asking for relief. Her employer produced none of these employees to contradict her. Plaintiff’s un-contradicted testimony, therefore, must stand as prima facie proof that she was on a mission of her employer at the time of the accident.
The only remaining question is whether plaintiff now suffers an injury which pre *489 vents her resuming work. She was paid $218.50 compensation.
Plaintiff’s contention is that, 'because of the conflict in the medical testimony and the absence of objective symptoms, the Court must accept plaintiff’s own testimony that she suffers pain when attempting to work.
Our appreciation of the jurisprudence is that, in case of an even and hopeless conflict of medical testimony where the Court must rely alone on subjective symptoms, great weight will be given to the testimony of the injured party as to pain, suffering and incapacity to work. Where the medical testimony is almost one-sided, the Court must necessarily yield to it.
In the case before us all but two of the twelve medical experts, practicing various medical specialties — obstetrics, gynecology, orthopedics, radiology and internal medicine — were of the opinion that plaintiff is not suffering from any disability of traumatic origin or traumatic aggravation caused by the accident but from the consequences of childbirth, arthritis or congenital. Drayton v. Maryland Co., Inc., La.App., 46 So.2d 384.
In considering the nature and extent of a disabling injury, the character of the accident, the medical testimony, and the lay testimony must all be considered. Where the medical testimony is in even conflict, lay testimony will be given great weight. Where the accident is not severe and the medical testimony though in conflict, is overwhelming that no disabling injury was sustained, and the lay evidence consists only of the uncorroborated testimony of plaintiff that she suffers pain when attempting to work, she must be held not to have proved her case with the certainty required by law.
In her suit to recover in tort against the driver who ran into her automobile while she was stopped, plaintiff makes no claim for property damage to her automobile. This argues strongly that no severe jolt was suffered.
Plaintiff’s own doctor (Strange) testified that he examined her on two occasions and could find nothing wrong with her. Of the array of twelve doctors only two (Maurer and Salatich), orthopedists, testified that she was totally disabled to resume her work. The other doctor could see no causal connection between her subjective pain and the injury alleged to have resulted from the accident. Bruns v. Bemis Bros. Bag Co., La.App., 8 So.2d 142; Windham v. W. Horace Williams Co., La.App., 18 So.2d 854; Springer v. E. I. DuPont DeNemours & Co., La.App., 19 So.2d 905 and Smith v. Commercial Solvents Corp., La.App., 24 So.2d 684.
The district court gave a complete analysis of the testimony of the medical experts. Since we agree with the findings and conclusions of the district court, we must affirm the judgment.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
JANVIER, J., absent, takes no part.