JANVIER, Judge.
Plaintiff, Joseph M. Davis, appeals from a judgment dismissing his suit against his employer, Bill M. Clyburn, in which he seeks judgment based on the allegation that, as a result of an accident which arose in the course of and grew out of his employment, he has been totally and permanently disabled.
Except for one question of law which counsel for plaintiff insists should be decided in favor of plaintiff and which he says would necessarily result in judgment for plaintiff, we find that the reasons for judgment given by the District Judge meet with our approval and we therefore set them forth in full.
“This is a suit by plaintiff claiming total permanent disability under the Workmen’s Compensation Act [LSA-R.S. 23:1021 et seq.]. The plaintiff was injured on May 25, 1956, and his injuries are set forth in Article 3 of his petition, reading as follows:
“ ‘As a result of the said accident your petitioner sustained severe, painful and permanent injuries to bones, ligaments, tendons, nerves, blood vessels and structures of his body, especially, a lumbo-sacral strain, aggravation of a previously existing arthritic condition of the spine and traumatic neurosis.’
“There is no doubt that an accident occurred on May 25, 1956, and that the plaintiff did suffer some injuries, but the Court is of the opinion that he has long since recovered from same.
“The Court has considered all of the lay testimony as well as the medical testimony, and, after a careful review thereof, is of the opinion that the plaintiff is not entitled to any further compensation herein.
“The record shows that the plaintiff was paid compensation from May 25, 1956, the date of the accident, to August 13, 1956, 11 weeks and 1 day, at the rate of $30.00 per week — $336.00, and was discontinued. It was then resumed on September 5, 1956 and paid from said date to November 3, 1956, 8 weeks and 3 days — $258.00; or a total of $594.00. In addition the sum of $110.00 was paid to the Flint-Good-ridge Hospital and additional medical expenses in the sum of $427.00.
“The Court is greatly impressed by the testimony of Dr. George C. Bat-talora, orthopedic expert called by the defendant, and Dr. John F. Nabos, orthopedic expert called by the plaintiff, both of whom testified that the plaintiff was able to return to work. In addition we have the testimony of Dr. Henry E. Braden III, a general practioner, who was the attending physician of the plaintiff but who was placed on the stand by the defendant, and who likewise testified that he first *128 discharged the plaintiff as able to return to work in August and then, at the request of one of the former attorneys for the insurance company, on September 18, 1956, he gave him additional diathermy treatment to October 30 and discharged him on November 2, 1956.
“The plaintiff testified that he returned to work in January, 1957, and worked until approximately August 8, 1957, except for a period of about three weeks, during which time he was suffering from an injured toe, but the plaintiff stated that he was working as a tuck pointer and washing down bricks, and not as a bricklayer. However, the evidence shows that even that work requires bending and stooping.
“The testimony of Dr. George Bat-talora is most impressive and the doctor was of the very definite and emphatic opinion that the plaintiff could not have been suffering from the injuries of which he complained because the tests which he made on the plaintiff proved the contrary.
“Under the circumstances the Court is of the opinion that plaintiff’s suit should be dismissed.”
We shall not discuss in detail the medical testimony which evidences a disagreement between the medical experts produced on behalf of defendant and another expert produced on behalf of plaintiff. This disagreement arises over the question of whether, at the time of plaintiff’s discharge by the physicians as able to return to work, he had in fact recovered.
As stated we shall not discuss in detail this testimony, but will follow the course pursued by us in Beloney v. General Electric Supply Co., La.App., 103 So.2d 491, 493, in which we said:
“ * * * We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to reconcile the expert testimony offered on behalf of both litigants.”
Counsel for plaintiff protests that, as a matter of law, we must decide this matter in accordance with the lay testimony which unquestionably predominates in favor of plaintiff, and he bases this argument on the contention that wherever there is a disagreement among medical experts, a decision must be based on a consideration of the testimony of the lay witnesses and must accept that lay evidence which predominates. That is the question of law to which we have referred.
We cannot accept as sound the argument that, just because there is a disagreement among the experts, we must disregard the testimony of the experts and resort exclusively to the testimony given by the lay witnesses.
In McAlister v. Liberty Mutual Insurance Company, La.App., 87 So.2d 354, 359, we discussed at length the effect of the testimony of lay witnesses; when to accept it and when to act upon it, and whether or not we are bound by it when we are convinced of the true condition of the employee as a result of the examination of the testimony of the doctors. There the contention which is made here was also made, and we said:
“ * * * We are cognizant that it has been held that the principle of dependence upon lay testimony should be resorted to only in those cases where the medical evidence is so evenly balanced or so violently conflicting as to prevent the court from drawing a conclusion. * * * ”
In McElroy v. Kennedy, La.App., 84 So.2d 256, 259, the Court of Appeal for the Second Circuit said:
“ * * * We point out that this principle of dependence upon lay testimony serves as a guide only in those *129 cases where the medical testimony is so evenly balanced and so violently conflicting as to prevent the drawing of a conclusion. * * * ”
In Barnett v. Walther Bros. Co., Inc., La.App., 59 So.2d 487, 489, appears the following:
“Our appreciation of the jurisprudence is that, in case of an even and hopeless conflict of medical testimony where the Court must rely alone on subjective symptoms, great weight will be given to the testimony of the injured party as to pain, suffering and incapacity to work. Where the medical testimony is almost one-sided, the Court must necessarily yield to it, (the it obviously meaning the medical testimony.)” (Brackets ours.)
In this case we have read the lay testimony, but, feeling that the medical testimony indicates clearly that the employee could have returned to work when discharged, we shall be guided by that testimony.
Again we say that we are in agreement with the District Judge and are impressed by the testimony of the three doctors mentioned by him.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.