HOOD, Judge.
This is a suit for workmen’s compensation benefits instituted by Wilson Ardoin against his employer, Charles Boutte. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
The sole issue presented on this appeal is whether plaintiff has been disabled for any period of time as a result of an injury which he sustained while working for defendant.
On August 1, 1966, defendant Boutte operated a farm near Mamou, Louisiana, and plaintiff was working for him as a laborer on that farm. About noon on that date, while plaintiff was driving a tractor across a small ditch on the farm, two empty barrels on the rear part of the tractor fell or were thrown forward, and one of them struck him in his back. The blow knocked plaintiff forward and caused his chest to strike the steering wheel of the tractor. Ardoin was alone at the time, and there were no other witnesses to the accident.
Plaintiff testified that he suffered pain in his back and in his stomach immediately after the accident occurred, and that for several days after that time he felt weak and could hardly walk. In describing the nature of the pain, he stated that “ * * * it wasn’t so much my chest, it was the bottom of my stomach that hurt.” He stated that he returned to work on a farm about three months after the accident occurred and that he had been working or going *755 to school under the “Poverty Program” since that time. At the time of the trial he was working on a rice farm, and he stated that his duties consisted of “a little bit of everything, plow and cut some rice.”
Dr. Roderick P. Perron, a general practitioner, examined plaintiff a few hours after the accident occurred, and he saw and treated him on four other occasions after that date, the last treatment having been administered by him on September 8, 1966. Dr. Perron did not find any “abrasions or ecchymosis or anything of that sort,” or any other evidence of trauma or injury. As a result of the initial examination Dr. Perron concluded that plaintiff had a contusion of the muscles around the anterior left chest and a mild traumatic myositis, but that his condition was not disabling and that he could return to his work without any difficulty. After further examination and treatment, Dr. Perron concluded that plaintiff was a “malingerer,” and that he had never been disabled at any time after the date of the accident.
Plaintiff also was examined on the day the accident occurred by Dr. R. E. Dupre, a general practitioner. The doctor hospitalized and treated him for four days, and thereafter he examined him one time, on August 12, 1966. Dr. Dupre, like Dr. Perron, was unable to find any objective signs of trauma or injury. He concluded from the history given to him, however, that plaintiff sustained “severe contusions and a strain of the muscles of the mid-back” as a result of the accident. He felt that Ardoin was unable to return to hard manual labor on the date he last saw him, eleven days after the accident, and he felt that the disability should extend over a period of “several weeks, maybe a month.”
Plaintiff testified that after he was finally discharged by Dr. Perron and by Dr. Dupre, he consulted Dr. Ramson K. Vidrine, who hospitalized him for three days. He stated that thereafter, at Dr. Vidrine’s suggestion, he went to a doctor in New Orleans two or three times for treatment. Neither Dr. Vidrine nor the treating physician from New Orleans was called t» testify in behalf of plaintiff, and no explanation has been given as to why plaintiff did not obtain the testimony of these two doctors. Since plaintiff voluntarily consulted these two doctors for examination or treatment after the accident occurred, and since he did not call them as witnesses or explain why he did not produce their testimony, a presumption arises that the statements of each of these doctors would be unfavorable to him. Evers v. State Farm Mutual Automobile Ins. Co., 187 So.2d 217 (La.App.3d Cir. 1966).
The trial judge concluded that plaintiff did not sustain a disabling injury as a result of the accident. In his reasons for judgment, the trial judge said:
“In view of the medical evidence, the Court is convinced that the plaintiff actually tried to make a case to recover some money. Certainly there is no evidence in the record that would justify this court to afford any benefits whatever.”
' The trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight on appeal and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Hudson v. Arceneaux, 169 So.2d 731 (La. App.3d Cir. 1964); Lewis v. Walton & Livaudais, Inc., 154 So.2d 75 (La.App.4th Cir. 1963).
In the instant suit the trial judge had an opportunity to observe the demeanor of the plaintiff, and that of the medical experts and other witnesses who testified at the trial. We cannot say that he erred in concluding that the plaintiff did not sustain a disabling injury as a result of the accident which occurred on August 1, 1966.
*756 For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.