REGAN, Judge.
The plaintiff, Joseph Dolar Cambre, filed this suit against the defendants, Payne Supply Company and the Hanover Insurance Company, its workmen’s compensation insurer, endeavoring to recover the sum of $14,000.00 representing compensation for total and permanent disability which he asserts he incurred as the result of an injury to his eye in the course of his employment with the defendant, Payne Supply Company.
The defendants answered and denied that the plaintiff was totally and permanently disabled. They then explained that the plaintiff had been paid $460.00 in previous compensation benefits, for which they assert they are entitled to a credit against any amount which may be awarded to him.
The lower court rendered judgment in favor of the plaintiff pursuant to the statutory disability schedule.[1] Since the amount so awarded would have been below the minimum of $10.00 per week provided in the compensation statute,[2] the court awarded the plaintiff the sum of $10.00 per week for one hundred weeks, or a total of $1,000.00.[3]
From that judgment, the plaintiff has prosecuted this appeal. The defendant has answered the appeal insisting that the lower court erred in awarding an expert fee to one of the physicians who testified herein.
The record discloses that the plaintiff was injured on November 10, 1965, while employed by Payne Supply Company as a carpenter. He incurred an injury to his left eye when a piece of wood was thrown from a power saw. He was treated by Dr. H. F. Boswell until he was discharged as able to return to work. He received his full workmen’s compensation benefits until this time, and he later terminated his employment with the defendant to accept a job offering better wages.
Dr. Boswell testified that the plaintiff’s recovery was rapid and without complications. He testified that he discharged the plaintiff near the end of March, 1966, with instructions to return to his full and regular work.
The only other medical evidence inscribed in the record is the testimony of Dr. Robert F. Azar, a specialist in ophthalmology. Dr. Azar related that the plaintiff had incurred a 16.4% loss of visual efficiency of the left eye. He emphasized that the plaintiff was fully able to return to his former occupation as a carpenter despite a percentage loss of efficiency of the eye and he was fully capable of using power tools, power saws, and other equipment normally used in conjunction with carpentry work. He then explained that since the visual field of the eyes overlap, the twenty-twenty vision of the plaintiff’s good eye would fully compensate for any lack of acuity in the bad eye, thereby rendering him fit to return to any type of work which he had been doing before the accident.
On the other hand, the plaintiff testified that his ability to work was impaired because of blurring in his eye, reduced depth perception, and increased sensitivity to light, which was especially bothersome dur *320 ing the brighter parts of the day when he was working in the open. No other testimony was offered in support of the plaintiff’s contention.
The jurisprudence is quite clear to the effect that the plaintiff in a workmen’s compensation case must establish his claim to a legal certainty and by a reasonable preponderance of the evidence.[4] The judges of this state have rationalized that where there is no conflict in the medical testimony, they will follow such evidence and disregard any contrary lay testimony.[5]
Since the record conclusively establishes that the plaintiff could return to his prior occupation as a carpenter and perform all of the duties of his occupation, it is clear that the court was correct in awarding the plaintiff compensation in conformity with the scheduled amount for the percentage of loss of function of his eye.[6]
The defendants did not discuss in this court their answer to the plaintiff’s appeal in which they contended that the lower court erred by awarding an expert witness fee to Dr. Boswell. A similar argument was made by defendants’ counsel in the case of Lee v. Mortillaro,[7] where his contentions were rejected. For the reasons stated in the Mortillaro case to the effect that á treating physician giving testimony in the nature of expert opinion is entitled to receive an expert’s fee, it is clear that this contention should also be rejected in the present case.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred in the lower court, and the plaintiff is to pay all costs of this appeal.
Affirmed.

. La.R.S. 23:1221(4) (i) and (o).

. La.R.S. 23:1202.

. The plaintiff had been paid previous compensation benefits in the amount of $475.00, and the defendants had deposited in the registry of the court the sum of $585.00, so that the total paid was $1,060.00, or $60.00 over the amount of the judgment. However, the court allowed the plaintiff to withdraw the entire amount of $585.00 from the registry of the court, and the defendants have made no complaint about this procedure.

. See Russell v. Employers Mutual Liability Insurance Company of Wisconsin, 246 La. 1012, 169 So.2d 82 (1964).

. See Powell v. Liberty Mutual Insurance Company, 80 So.2d 902 (La.App.1955); Davis v. Clyburn, 109 So.2d 126 (La.App.1959); and Guillory v. Southern Farm Bureau Casualty Insurance Company, 237 La. 374, 111 So.2d 314 (1959).

. See La.R.S. 23:1221(4) (i).

. Court of Appeal, Fourth Circuit, 233 So.2d 707.