CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. From an adverse judgment, plaintiff appealed.
The sole issue on appeal is whether plaintiff was disabled beyond September 9, 1969, the date on which workmen’s compensation payments were terminated.
The plaintiff, a 38 year old negro male, was working as a common laborer, filling bags of fertilizer and placing them on a conveyor belt. The accident occurred on May 23, 1969, when he lifted an 80 pound bag of fertilizer and “felt a sharp pull in the side.”
He was seen that same day by Dr. Harold J Sabatier, a general practitioner of Jennings, Louisiana. This physician found no muscle spasm or other objective symptoms of a back injury but thought that plaintiff might be developing an inguinal hernia from straining. Dr. Sabatier returned plaintiff to light duty and continued to see him on office visits.
Plaintiff was retained on light duty, working full time with regular pay, from date of the accident until July 16, 1969. *146 He continued to complain of pain and was referred by Dr. Sabatier to Dr. Edmond C. Campbell, an orthopedic surgeon. This physician saw plaintiff on July 16, 1969 and, after a thorough orthopedic examination, found no objective symptoms of the back. However, he did find from x-rays that plaintiff had a certain amount of calcification in the hip joint, entirely unrelated to any back injury. Dr. Campbell recommended treatment with cortone and predicted that plaintiff would recover in four to six weeks from the date of examination. Dr. Campbell saw plaintiff again on September 23, 1969, and reported he had no disability.
Plaintiff continued to see the treating physician, Dr. Sabatier, until September 2, 1969, on which date that physician reported the plaintiff could return to his regular duties. Workmen’s compensation payments were terminated on September 9, 1969.
Dr. Harlie Bearden, a general practitioner in Jennings, examined plaintiff on two occasions. The first was on December 12, 1969, when plaintiff complained of tenderness and pain in the left testicle. The doctor diagnosed “prostatitis”, entirely unrelated to the accident. Dr. Bearden saw plaintiff again on February 12, 1970, at the request of the Department of Public Welfare to determine whether plaintiff was disabled. That examination was negative except that he did find a decreased reflex action in the left ankle and the left knee. It was his opinion that if plaintiff had any further clinical back symptoms, a myelo-gram should be performed to rule out the possibility of a disc injury.
At the trial of this case on March 26, 1970, the evidence was held open for additional medical testimony and the court granted plaintiff’s motion to appoint a physician to perform a myelogram. On May 12, 1970, Dr. Charles V. Hatchette, an orthopedic surgeon of Lake Charles, performed the myelogram and found it negative except for “an elevation of the nerve root sleeve of L-4 of the left side.” However, in his deposition Dr. Hatchette stated that he could not diagnose any nerve root pressure from this myelogram finding alone and that he did not perform a clinical examination. He did state that if plaintiff had further symptoms of the low back, exploratory surgery might be indicated.
At the request of the defendant, plaintiff was examined by Dr. Richard Levy, a neurosurgeon in New Orleans, who had the benefit of Dr. Hatchett’s myelogram film. Dr. Levy testified the films revealed no evidence of injury or disease of the lumbar spine and said that he would recommend against exploratory surgery.
From plaintiff’s testimony at the trial it was learned that he was also seen by Dr. Homer Kirgis, a neurosurgeon in New Orleans, shortly after being discharged by Dr. Sabatier in September of 1969. Plaintiff was also seen by Dr. Whitecloud, a consultant at the Veterans Administration Hospital in Alexandria, Louisiana, for treatment of his low back injury. Neither Dr. Kirgis nor Dr. Whitecloud was called as a witness and there is no satisfactory explanation given as to why the testimony of these doctors was not taken. Under such circumstances, the presumption exists that their testimony would be unfavorable to the plaintiff. Ardoin v. Boutte, La.App., 209 So.2d 754 (3rd Cir. 1968).
We find no error in the trial judge’s conclusion that plaintiff has failed to sustain his burden of proving disability beyond September 9, 1969, the date on which workmen’s compensation payments were terminated.
In this court, plaintiff concludes his brief by requesting a remand to secure additional expert medical testimony relative to the advisability of exploratory surgery to determine whether there is disc pathology. Clearly, plaintiff knew about this possibility before the evidence was closed and had ample opportunity to secure additional expert medical testimony in this regard. Both Dr. Hatchette and Dr. Levy considered exploratory surgery and neither *147 recommended it. Plaintiff has not established grounds for a remand.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.