256 So.2d 145 (1971)
Willie B. BLUE, Plaintiff and Appellee,
v.
KINNEY COMPANY, Inc., Defendant and Appellant.
No. 3655.
Court of Appeal of Louisiana, Third Circuit.
December 2, 1971.
Rehearing Denied January 17, 1972.
Writ Refused March 3, 1972.
*146 Stockwell, St. Dizier, Sievert & Viccellio, by Robert W. Thomas, Lake Charles, for defendant-appellant.
Jerry D. Kirk, Lake Charles, Sid S. Stover, Jasper, Tex., for plaintiff-appellee.
Before FRUGE, CULPEPPER, and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is a workmen's compensation case. From an adverse judgment, plaintiff appealed.
The sole issue is whether plaintiff was disabled beyond the period during which workmen's compensation payments were made.
The facts show that the plaintiff, Willie D. Blue, was employed by the defendant, Kinney Company, Inc., as a truck driver. While performing these duties on July 28, 1970, in Tennessee, he parked his truck on an incline. The truck started rolling down grade and plaintiff tried to jump in the cab and stop it. He was knocked from the truck by a telephone pole. A metal stanchion on the pole pierced his left leg, below the knee.
After initial treatment in Tennessee, plaintiff returned to his home near Sulphur, Louisiana, where he consulted a doctor whose name he does not remember. This physician treated the wound and gave plaintiff a shot. The leg injury healed normally and is not at issue in these proceedings.
Approximately two weeks after the accident, plaintiff moved to Vinton, Louisiana, where he was treated by Dr. Victor V. Watson. Plaintiff did not call Dr. Watson as a witness. However, defendant filed in evidence a copy of a letter from this physician stating that he saw and treated plaintiff from August 11, 1970, through September 10, 1970, for an injury to the "low back and spine." Dr. Watson states that the last time he saw plaintiff's back, it "had improved greatly, and I assume since he has not returned for further care of symptoms, that he has recovered with no residual disability."
Plaintiff was not seen by another physician until he was examined on January 12, 1971, at the request of the defendant, by Dr. Norman P. Morin, a specialist in orthopedic surgery of Lake Charles. This specialist made a very thorough examination and could find no objective symptoms to support plaintiff's subjective complaints of pain in his low back. Dr. Morin expressed the opinion that even the subjective complaints of pain were inconsistent, and he felt plaintiff was faking.
The only expert medical evidence which supports plaintiff's position is the testimony of Dr. Lee P. Popejoy, a general practitioner of Jasper, Texas, who saw plaintiff on January 26, 1971, and March 4, *147 1971. He diagnosed a ligamentous strain of the low back and also interpreted x-rays as showing a narrowing of the disc space between L5 and S1. It was the opinion of Dr. Popejoy that plaintiff was still having disabling tenderness and pain in his low back.
An established rule of evidence is that the testimony of a specialist, as to matters which fall within his field, is entitled to greater weight than that of a general practitioner, Matthews v. Milwhite Mud Sales Co., La.App., 225 So.2d 391 (3rd Cir. 1969). Under this rule, the testimony of Dr. Morin is entitled to greater weight than that of Dr. Popejoy.
Another rule of evidence applicable here is that where a claimant voluntarily consults a physician and does not call this physician as a witness, or explain why he did not produce that testimony, a presumption arises that the testimony would be adverse to the claimant, Ardoin v. Boutte, La.App., 209 So.2d 754 (3rd Cir. 1968). In the present case, plaintiff's failure to call Dr. Watson as a witness creates presumption that his testimony would be adverse.
Under these rules, we conclude plaintiff has failed to carry his burden of proof that he was disabled beyond the period during which workmen's compensation payments were made. The district judge, in his written opinion, stated that he felt there was only a "slight tipping of the scale" in plaintiff's favor. We cannot agree. We think it is clear that plaintiff has failed to prove his case.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant rejecting plaintiff's demands at his costs. All costs of this appeal are assessed against the plaintiff-appellee.
Reversed and rendered.