271 So.2d 719 (1972)
James RICHARD
v.
Landry GUILLOT d/b/a L & L Trucking Company.
No. 9127.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
*720 Carl A. Guidry, DeBlieux, Guidry & Lowe, Baton Rouge, for appellant.
Richard E. Lee, Holt, Wagner & Lee, Pineville, for appellee.
Before SARTAIN, BLANCHE and EVERETT, JJ.
BLANCHE, Judge.
Plaintiff, James Richard, was employed by Landry Guillot, d/b/a L & L Trucking Company as a tractor driver, log cutter and measurer. On July 14, 1971, while in the course and scope of his employment, Richard was carrying a power saw and fell to the ground, injuring his back. As a result of this injury he has asked for an award of full compensation benefits, contending that at the time of trial he was totally and permanently disabled within the meaning of the Workmen's Compensation Act. The defendant's workmen's compensation insurer, Rockwood Insurance Company, paid benefits to plaintiff through October 4, 1971, for a total of $637 but thereafter discontinued payments. Plaintiff contends that the refusal to pay further compensation benefits was arbitrary, capricious and without probable cause, inasmuch as defendant had been notified and had clear medical evidence that plaintiff was still incapacitated as a result of his injuries at the time payments were discontinued. Plaintiff also seeks penalties and attorney's fees for the arbitrary refusal to continue compensation benefits.
The trial judge rendered judgment in favor of plaintiff for compensation benefits up to the date of trial but denied further compensation benefits as well as his claim for penalties and attorney's fees. From this judgment plaintiff has appealed, assigning as error the trial court's failure (1) to allow plaintiff full compensation benefits, (2) to award plaintiff penalties and attorney's fees, and (3) to admit into evidence a medical report of a doctor who did not appear at trial to testify and for holding a presumption against the plaintiff for his failure to call certain doctors as witnesses.

AWARD OF COMPENSATION
The trial judge stated the following reasons for awarding plaintiff compensation to the date of trial:
"THE COURT: * * * I am giving him compensation to date because I have to believe what he says, that he is still disabled. I have no prognosis to tell how long it's going to be, so I accept his disability as of the date of the trial.
"MR. LEE: To this date?
"THE COURT: Yes, to the date of this trial. From his own testimony, he is not able to work and I have no medical evidence to show anything else. * * *" (Opinion on the Merits, p. 5)
The court further stated:
"I gave compensation to the date of the trial because medical testimony was not convincing and did not establish extent of disability." (Opinion, p. 1)
In the first place, the burden of proof is on the plaintiff to prove his claim for compensation by a preponderance of the evidence, and if the testimony is not convincing to establish the extent of disability, then plaintiff has failed to carry the burden of proof required by law. Joseph v. Aetna Insurance Company, 183 So. 2d 762 (La.App. 1st Cir. 1966).
We next consider plaintiff's proof. The only evidence in the record to substantiate plaintiff's claim that he was disabled at the time of trial on February 28, 1972, came from plaintiff. In answer to a question *721 from his counsel, he simply stated that he could not do the same type of work then that he was doing at the time of his injury. There is no medical evidence to substantiate this statement. The only physician who testified for plaintiff was Dr. Thomas M. Beamon, a general practitioner, and of his testimony the court remarked:
"* * * I will be frank with you. That one doctor was not very clear and positive of the nature of the injury, the time, and he didn't even show whether he was disabled at the present time." (Opinion on the Merits, p. 6)
With our concurrence in the foregoing observation by the trial judge of the doctor's testimony, the plaintiff's testimony stands alone to prove the extent of his disability.
In many cases we have relied on the plaintiff's testimony alone to establish the occurrence of the accident. Dolhonde v. Gullett Gin Company, 25 So.2d 104 (La. App. 1st Cir. 1946); Wherland v. Crowell Long Leaf Lumber Company, 26 So.2d 712 (La.App. 1st Cir. 1946); Cascio v. Standard Oil Company of New Jersey, 32 So.2d 66 (La.App. 1st Cir. 1947); O'Connor v. American Automobile Insurance Company, 32 So.2d 624 (La.App. 1st Cir. 1947). However, we have found no case where a plaintiff's testimony standing alone is sufficient to establish the nature and extent of disability. Such proof usually depends on medical testimony, even though it is well known that medicine is an inexact science and diagnosis and extent of disability occasioned by an injury to the back greatly depend on the subjective complaints made to the treating physician who makes such diagnosis on his impression of the patient's sincerity. Lay witnesses have been permitted to testify as to disability when medical evidence is in conflict and excluded where there is no conflict. See Powell v. Liberty Mutual Insurance Company, 80 So.2d 902 (La.App. 2nd Cir. 1955); Davis v. Clyburn, 109 So.2d 126 (La.App.Orl.Cir.1959); Guillory v. Southern Farm Bureau Casualty Insurance Company, 237 La. 374, 111 So.2d 314 (1959); Cambre v. Hanover Insurance Company, 236 So.2d 318 (La. App. 4th Cir. 1970). Thus, our courts have recognized that medical evidence is the best evidence of the nature and extent of one's injuries. Accordingly, the testimony of plaintiff without the support of medical evidence is insufficient to carry the burden of proving his disability and the extent thereof by a preponderance of the evidence.
The foregoing considered, we find that the trial judge committed error in awarding plaintiff compensation to the date of trial.

FAILURE TO CALL MEDICAL WITNESSES AND EXCLUSION OF MEDICAL REPORT
The plaintiff had consulted and was examined by an orthopedic surgeon, Dr. Allen Jackson, and a neurosurgeon, Dr. Robert C. Leaver, but neither were called to testify in his behalf. As a result of this failure, the trial judge stated that he presumed the testimony of these specialists would have been adverse to plaintiff. We are of the opinion that he was correct in applying this unfavorable presumption to plaintiff in the absence of any satisfactory reason to explain his failure to call these witnesses. Blue v. Kinney Company, 256 So.2d 145 (La.App. 3rd Cir. 1972), writ refused, 260 La. 1119, 258 So.2d 375; McZeal v. Liberty Mutual Insurance Company, 252 So.2d 144 (La.App. 3rd Cir. 1971); Scroggins v. Fishing Tools, Inc., 236 So.2d 505 (La.App. 4th Cir. 1970).
In order to overcome the presumption of having failed to call Dr. Jackson, plaintiff sought to offer a medical report which had been prepared by him. The trial judge sustained defendant's objection to the admissibility of the report, and the appellant contends that the report should have been admitted in accordance with the *722 provisions of LSA-R.S. 23:1122[1] and the decision of the Fourth Circuit Court of Appeal in Doss v. American Ventures, Inc., 224 So.2d 470 (La.App. 4th Cir. 1971). R.S. 23:1122 is concerned with the duty of an employer to cause a medical examination of an employee after an accident and the duty of the employee to take such an examination if the employer fails to provide for such an examination. After the examination, a report of the same is required to be served on the other party and upon the receipt of such a report from the other party, the party receiving it is required to take certain action if he disputes the report. The statute provides that in the event he does dispute "the report or any statement therein" that he shall notify the other of that fact within six days or otherwise the report shall be prima facie evidence of the facts therein stated. The Doss case held that when the statute has been complied with then R.S. 23:1122 authorizes receipt into evidence of the report, "thus eliminating the obligation to produce the reporting physician in person as a witness and to tender him for cross-examination." (224 So.2d at 478) Such reports were evidently served on the parties in the Doss case in accordance with the provisions of the statute, as the opinion on rehearing states:
"* * * Defendants also complain of our conclusion that LSA-R.S. 23:1122 authorizes, when its terms are met as in this case * * *." (Doss v. American Ventures, Inc., 224 So.2d 470, 477)
Additionally, the facts recited in the original opinion of the Court refer to the disputed portion of the report of the defendant's doctor after his examination of the plaintiff. The difference between this case and the Doss case lies in the fact that here there is no evidence that plaintiff was in compliance with the statute. The trial judge noted:
"Plaintiff does not show that defendant received the report and failed to dispute the report or any statement therein within six days in order to submit the report as prima facie evidence." (Opinion, p. 3)
The trial judge was correct in refusing to admit the doctor's report.

PENALTIES AND ATTORNEY'S FEES
Having found that plaintiff was not entitled to compensation by virtue of the failure of proof, plaintiff's claim for attorney's fees and penalties for the employer's arbitrary refusal to continue compensation benefits was properly dismissed by the trial judge.
While we have found that the plaintiff did not prove that he was entitled to compensation to the date of trial, nevertheless the judgment of the trial court must be affirmed, as appellee failed to answer the appeal and therefore we can afford him no relief. Plaintiff-appellant is to bear all costs of this appeal.
Affirmed.
NOTES
[1] LSA-R.S. 23:1122 provides as follows:

"The employer shall cause the examination provided for in the preceding section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer's physician upon the employee within six days after the examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the sum of one dollar. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter."