GULOTTA, Judge.
This is a suit in workmen’s compensation in which total permanent disability benefits and medical is sought as a result of plaintiffs suffering a torn meniscus (torn cartilage) sustained on March 18, 1971, requiring corrective surgery, while employed at the Continental Grain Company. The employee was paid compensation at the rate of $49 per week on the basis of total temporary disability from March 26, 1971 to January 27, 1972. From a dismissal of his claim, plaintiff appeals.
It is the employee’s contention while the medical testimony indicated a disability to the left leg ranging from 5 percent to 15 percent that, nevertheless, the nature of the injury was such that the plaintiff continued to experience substantial pain and instability in the knee preventing his return to his former employment. It is his argument under the workmen’s compensation jurisprudence as represented by Rutherford v. Dixie Concrete, Inc., 222 So.2d 508 (La.App. 4th Cir. 1969), and Stansbury v. National Auto & Cas. Ins. Co., 52 So.2d 300 (La.App. 1st Cir. 1951), when an employee cannot perform his customary and usual duties without experiencing substantial pain, he is totally and permanently disabled. He further argues he was erroneously deprived of offering lay testimony on the nature and extent of that pain.
Defendant-employer and its insurer, on the other hand, argue when there is no contradiction in the medical evidence, lay testimony is inadmissible. Guillory v. Southern Farm Bureau Casualty Ins. Co., 237 La. 374, 111 So.2d 314 (1959); Cambre v. Hanover Insurance Company, 236 So.2d 318 (La.App. 4th Cir. 1970). They contend further the treating physician as well as two other examining physicians testified that the disability resulting to the employee ranged from 5 to 15 percent and the pain or discomfort experienced by the employee was not substantial, thus not preventing his return to his former employment.
The trial judge, in dismissing plaintiff’s suit, concluded from the medical evidence Smith could return to his former employment, and the pain experienced by him was not of a substantial nature. We find no error in this conclusion.
*819 Following the accident on April 5, 1971, Dr. Raymond E. Horn, Jr., examined appellant and found a possible internal derangement of the left knee and ordered exercises to strengthen the upper muscle of the thigh. Subsequent visits showed no improvement, and on April 20, 1971 a medial meniscectomy was done on the left side for the removal of a torn left medial meniscus (i. e., cartilage). Post operative visits were made to Dr. Horn on April 30, June 11, June 25, July 9 and on July 12. It was on the last visit Dr. Horn recommended that Smith return to work. It was his estimate plaintiff had 5 percent permanent disability of the left lower extremity.
Dr. G. R. Cary, an orthopedic surgeon who examined Smith on December 10, 1971, concluded that the employee had a 10 percent permanent disability of the leg and was able at that time to return to work. Examination by Dr. Redler on February 10, 1972, revealed some atrophy of the leg. It was his estimate Smith had a permanent disability of 15 percent of the extremity. However, he too, recommended that Smith return to work. All of the medical testimony is to the effect if plaintiff were to return to work he might experience some pain; however, there is no medical evidence that this pain would be substantial enough to prevent plaintiff from performing the same tasks he performed before the injury.
In Powell v. Patterson Truck Lines, Inc., 228 So.2d 254 (La.App. 1st Cir. 1969), the court stated at page 258:
“* * * claimant will not be deprived of compensation because he is physically able to perform tasks, when to do so he must suffer substantial pain and discomfort, but the pain must be sufficiently intense to either prevent the workman from carrying out some functions or to be deleterious to his health or increase hazards to his fellow workmen. * *
Furthermore, it is well established in our jurisprudence an employee cannot be required to return to his former employment, if to do so results in substantial pain. Anderson v. Continental Can Company, 141 So.2d 48 (La.App. 2nd Cir. 1962). The court stated in that case:
“It is also well settled that an injured employee is not required or expected to resume his work if same can only be done in great pain or suffering; and that if such work can only be performed under such condition of pain, he is likewise disabled within the contemplation of the Workmen’s Compensation Act. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1 (1953) and cases therein cited.”
However, in the instant matter, the three orthopedists who testified stated quite clearly Smith could return to work. The record contains no contradictory medical evidence. On the contrary, it is apparent from all medical testimony it would be physically beneficial for appellant to return to his employment since exercise is helpful in the rehabilitation of the knee. In this respect, Smith admitted he performed the exercises prescribed by Dr. Horn on only five or six occasions because he claims that the continued pain and fear of additional pain prevented him from attempting further exercise. He further suggests the atrophy found in the leg by Dr. Redler resulted from disuse caused by pain, and the atrophy is evidence of that pain. We do not agree. Atrophy in the limb is only evidence of disuse. Whether or not disuse is evidence of pain or fear of pain is speculative. We can find no evidence in the record to support Smith’s contention in this respect.
We are, therefore, convinced by the un-contradicted medical evidence the plaintiff is capable of returning to his former employment without experiencing substantial pain, and he has failed to carry the burden *820 of showing he is permanently and totally disabled.
Accordingly, since the medical testimony is uncontradicted, the trial judge properly excluded lay evidence.
The judgment is affirmed. Costs are to be paid by plaintiff.
Affirmed.