314 So.2d 752 (1975)
Jasper HOLMES, Individually and as natural tutor of his minor son, Minor Holmes
v.
MORVILLE PLANTATION, INC., and Aetna Life & Casualty Company.
No. 6859.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1975.
Donald F. DeBoisblanc, New Orleans, for plaintiffs-appellees.
Adams & Reese, Joel L. Borrello, New Orleans, for defendants-appellants.
Before REDMANN, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
Defendants have appealed from a judgment awarding benefits to plaintiff under the Workmen's Compensation Statute for total and permanent disability.
The injury occurred on January 20, 1973, when plaintiff while picking cotton suffered his right foot to become caught in the cotton picking machine with the result that he sustained multiple puncture wounds of his lower right foot and ankle. Initial treatment was administered by a doctor in Ferriday, Louisiana, and included 22 days of hospitalization. He was subsequently evaluated by a Dr. Taylor in Natchez, Mississippi, on July 10, 1973, and by Dr. Walter Brent in November, 1973.
*753 The stipulated medical report of Dr. Taylor was to the effect that plaintiff was using crutches as a mild aid in ambulation on July 10. There was a loss of 15 degrees in the range of motion in his ankle and while there was mild tenderness to palpation near the anterior medial dorsal aspect of the foot in this doctor's opinion there was no significant disability. He recommended that plaintiff discontinue the use of his crutches and begin an active exercise program, and his evaluation was that there should be no serious permanent disability in the future.
Dr. Brent testified that he examined plaintiff and found that he walked with a slight limp, favoring his right lower extremity, there was a loss in the circumference measurement of the right calf as compared to the left, there was some swelling in the right ankle itself, there were multiple scars of the medial aspect of the foot where the machine struck plaintiff, demonstrating some 15 to 20 areas where he was hit by the machine and suffered puncture wounds, there was some slight tenderness on the sole of the foot, and a complete range of motion in the ankle, foot and toes. Dr. Brent evaluated his condition as a 15% partial permanent disability of his right lower extremity. The following questions were put to Dr. Brent and his answers were as follows:
"Q. Doctor, would you expect him to experience difficulty walking for long distances or prolonged standing?
A. Well, not necessarily. Of course this would depend on the patient, however, I would expect this to clear up to a point where he could get around pretty good.
Q. Now, what about performing other activities such as stooping, skating, running, and flexing the ankle joints?
A. Well, all motions are normal to the foot so there would be no limitation there. I could see no reason just from the examination where he should have had a great deal of pain with those activities.
Q. Would you expect him to experience some pain in those movements?
A. I think that he could possibly have some changes in the joints. Again we know that the traumatic arthritis, those types of things do reach a maximum sometime and I feel this limit of time has been passed. I would consider that he has reached his maximum disability."
". . .
"THE COURT:
Doctor, this young man has testified that he has had difficulty returning to work, that he has had trouble with his feet, and this is what has us concerned as well as yourself. Would a future examination of this young man help any or do you think that he has reached the point of maximum recovery?
THE WITNESS:
I felt that he pretty much has reached maximum recovery. Some of the tendons should improve and it looks to me that they have improved a little bit from what I noticed what he had before. I don't doubt that he has had some discomfort in this area, he has some marks where the wound was penetrated and he is tender there and I know that he has a legitimate complaint in this area."
Plaintiff testified that the bottom part of his leg gives him much trouble, especially in walking; his ankle is swollen and his leg bothers him; because of the swelling and discomfort he cannot wear the proper size shoes and has to wear a larger size; he has not worked since the accident as of the date of the trial on April 11, 1974, because his leg bothers him, he cannot walk long distances, cannot stand on his toes *754 and cannot bend down. He described the pain as a numbing pain inside his ankle and leg and at the bottom of his foot. He characterized his condition as causing a great deal of pain in the ankle. At one point he presented himself for treatment at Charity Hospital because his leg had become more swollen than before and because "it was really hurting."
Defendants' principal complaint is that plaintiff has not borne his burden of proof to show that he is in substantial pain and therefore entitled to benefits for total and permanent disability. Defendants also urge that plaintiff's testimony with regard to disability was inadmissible since the medical testimony to the contrary was uncontradicted and that plaintiff lacked procedural capacity and had no right of action to maintain the suit.
Taking these points in inverse order, the record shows that plaintiff's suit was filed in his behalf by his father. No issue was raised with respect to his procedural capacity to bring this suit until the case reached this Court on appeal. Plaintiff testified that his mother and father were separated and that he was living with his mother. Under LSA-C.C.P. Art. 683 the proper person under these circumstances to enforce plaintiffs' claim was the tutor appointed by a court and there is no evidence that any tutor was appointed. But the proper procedural method of raising this objection was by dilatory exception pursuant to C.C.P. Art. 926 which provides that by defendants' failure to file such an exception, the objection was waived.
Defendants' contention that plaintiff's testimony with respect to the pain he experiences should be disregarded since there is no conflict in the medical testimony is based upon Grigsby v. Argonaut Insurance Company, 297 So.2d 698 (La.App.1st Cir. 1974); Smith v. Continental Grain Company, 275 So.2d 817 (La.App. 4th Cir. 1973), Square v. Liberty Mutual Insurance Company, 270 So.2d 335 (La.App. 1st Cir. 1973). We are not concerned here with a case where there is any dispute that plaintiff does experience pain to some extent. The issue here is the degree of pain and whether that pain is substantial so as to make plaintiff entitled to total and permanent disability considering the nature of his work. Both of the physicians who examined plaintiff found some pain, with Taylor characterizing it as "mild tenderness to palpation," and Brent to the effect that the plaintiff "has had some discomfort in this area, he has some marks where the would was penetrated and he is tender there and I know that he has a legitimate complaint in this area."
Pain by nature is subjective and in most cases no one except the victim himself knows with certainty whether he is in pain or not. We do not interpret the jurisprudence relied upon by plaintiff to mean that a court cannot consider testimony of the plaintiff himself who alone can state whether pain in fact exists and the degree of such pain. Perhaps if this were a case where the medical testimony were unanimous to the effect that there was no evidence of pain or tenderness whatsoever and there was no medical reason for such pain to be present our conclusion would not be the same, but here plaintiff's testimony was clearly admissible to show the degree of pain which was already found to be present to some extent in the testimony of both physicians. We therefore conclude that the testimony of the plaintiff under these circumstances was admissible and properly considered by the trial court.
With respect to defendants' other argument that plaintiff did not bear his burden of proof and that his case is based on speculation, the legal principles governing the disposition of this case were recently stated by us in Dupard v. M & C Construction Co., 312 So.2d 660 (La.App. 4th Cir. 1975) in which we stated that a compensation claimant is not entitled to compensation benefits unless the pain is *755 substantial enough to be disabling in that it prevents him from carrying out some of the functions of his job or is so intense that it hinders him in the performance of his duties. Whether the pain is substantial enough to be disabling is a question for the trier of fact and proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the trial court's evaluation of the plaintiff's credibility in the light of the medical testimony.
In the Dupard case the trial court had dismissed plaintiff's claim and we affirmed based on the foregoing principles. In the instant case, the trial court was obviously impressed with the plaintiff's testimony to the effect that he could not walk or stand without great pain, duties which obviously are a part and parcel of the work of a farm laborer. This testimony is supported by the medical testimony, and there is no basis for us to substitute our own evaluation of the credibility of the plaintiff for the trial court's evaluation. Accordingly, the judgment appealed from is affirmed at defendants' cost.
Affirmed.