SCHOTT, Judge,
concurring.
The trial judge gave the following reasons for his judgment that plaintiff was not totally and permanently disabled:
“While he may be unable to perform the work which he was performing prior to the accident of December 2,1974, without some discomfort, the evidence does not indicate that plaintiff would be working in substantial pain.”
In Holmes v. Morville Plantation, Inc., 314 So.2d 752 (La.App. 4th Cir. 1975) we were confronted with a case where the medical testimony alone did not support a finding that plaintiff suffered pain from his injury which was substantial enough to be disabling but plaintiff’s testimony convinced the trial judge as to the degree of pain he suffered. We affirmed, recognizing that an evaluation of plaintiff’s credibility as he described the amount of pain was within the exclusive province of the trial judge. When a plaintiff says he is in pain this might be easily explained and demonstrated by medical experts but when he says that he is in such a high degree of pain so that it translates into substantial pain for workmen’s compensation purposes only he really knows and only the trial judge can decide whether he tells the truth or exaggerates.
There is testimony by Dr. Byram to the effect that plaintiff’s accident “could have aggravated [his congenital weakness] to some degree,” but he declined to say how much. In effect, he declined to classify plaintiff’s pain as substantial. Only the plaintiff himself testified that his pain was substantial, but unlike the plaintiff in the Holmes case he did not convince the trial judge.
A reversal of the judgment of the trial court would be contrary to the Supreme Court’s opinion in Canter v. Koehring, 283 So.2d 716 (1973). The testimony of the three physicians quoted in the majority opinion furnished the trial judge with a reasonable factual basis for his finding that any discomfort suffered by plaintiff as a result of his accident was not of such a degree as to constitute substantial pain.
There is conflict in the testimony, not only between plaintiff and the physicians but also within the testimony of the physicians themselves. As discussed in the Canter case, even though our own evaluations and inferences may be as reasonable as the trial judge’s and we may conclude that plaintiff was permanently disabled because he is now working in substantial pain, the Canter case prevents us from disturbing the trial judge’s conclusion to the contrary.
This approach is much the same as the one taken in Laborde v. Martin Lumber Company, Inc., 316 So.2d 440 (La.App. 3rd Cir. 1975), Writ refused La., 320 So.2d 207.
*67 I concur in affirming the judgment of the trial court.