452 So.2d 354 (1984)
Bruce Edward WESTLEY
v.
PRESSURE SERVICES, INC., Patco Rental Tools, Northwestern Insurance Company.
No. 83 CA 0903.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Clare Jupiter, New Orleans, for plaintiff and appellant.
Joseph J. Weigand, Jr., Donna L. Cobb, Houma, for defendants and appellees.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal taken by Bruce Edward Westley (Westley) from a judgment of the trial court denying his claim for worker's compensation benefits.
*355 Westley injured his back on December 14, 1981, while helping another employee load a heavy adapter spool onto a truck. At the time of the accident, Westley was employed by Patco Rental Tools (Patco).[1] Westley immediately reported the injury to his employer.
On December 28, 1981, Westley was seen by Dr. Gary Guidry, of Landry, Gary and Guidry, orthopaedists. Doctor Guidry diagnosed a lumbosacral strain and recommended lighter work duties. He also sent Westley to physical therapy. Westley was examined again on January 6, 1982, by Dr. Richard Landry, an associate of Dr. Guidry. Dr. Landry noted moderate muscle spasm and ordered a CAT (computerized axial tomogram) scan. Westley was seen again by Dr. Guidry on January 13, 1982. Dr. Guidry, after reviewing the CAT scan, noted a minimal bulge at L-5 which he did not feel was a herniated disc. He concluded the examination on this date was normal and advised Westley to return to his regular work duties. Dr. Guidry also noted that he felt Westley had sustained no permanent partial physical impairment as a result of this accident and injury.
Westley returned to work and worked continuously until March of 1982 when he was fired for reasons unrelated to his injury. Westley was subsequently hired by Cloverlay Rental Tools as a dispatcher.
On May 10, 1982, Westley was seen by Dr. John Watermeier. From the history Dr. Watermeier suspected a lumbar strain with a suggestion of lumbar neuritis. He recommended that Westley be hospitalized in the near future for diagnostic studies. Westley was given analgesic medication and an exercise program to use at his home. He was allowed to continue his job as a dispatcher.
Dr. Watermeier did not see Westley again until October 6, 1982. At this time Westley informed Dr. Watermeier that his condition had not improved and that he still had severe back pain with radiation into both legs. Dr. Watermeier recommended that Westley should not perform heavy labor.
Dr. Watermeier saw Westley again on November 1, 1982. Westley was given an injection of cortisone and was told to return in one week to review a CAT scan which Westley had recently obtained at the suggestion of Dr. Watermeier.
On November 15, 1982, Dr. Watermeier reported that the CAT scan indicated a bulging disc. He recommended Westley stop working and be admitted to the hospital for a discogram, nerve block and possible surgery. In a deposition taken on January 31, 1983, Dr. Watermeier stated it was his opinion that the need for hospitalization and possible surgery was caused by a work related accident.
Westley has not worked since November 15, 1982.[2] Westley and his wife testified at trial that he wanted to undergo the tests recommended by Dr. Watermeier, but could not afford it. He filed suit for worker's compensation on December 3, 1982. Trial on the merits was held February 14, 1983.
After trial on the merits, the trial judge took the matter under advisement and issued reasons for judgment April 6, 1983. In those reasons, the trial judge stated that:
While the medical testimony is somewhat contradictory the testimony and evidence presented fails to substantiate the fact that the Plaintiff sustained an injury which was the cause of any disability. No lost time from employment was proven and there was testimony to the fact that the Plaintiff worked at his regular job after the accident and performed his normal duties.
Since no disabling injury was proven the Court does not have to reach the *356 issue of employer/employee status. However, it is noted that the evidence presented at the time of the trial was not sufficient to sustain the allegation that the Plaintiff was working for the Defendant.
Judgment was rendered May 20, 1983, dismissing the suit at Westley's cost. It is from this judgment that Westley appeals alleging one assignment of error. Specifically, Westley alleges the trial court erred in finding that he failed to carry his burden of proving that he suffered a disabling injury arising out of and in the course and scope of his employment with PATCO.
The employee in a worker's compensation proceeding has the burden of establishing the disability and its causal relation with the employment accident by a preponderance of the evidence. Allor v. Belden Corporation, 393 So.2d 1233 (La.1981).
The fact that Westley suffered a work related accident was undisputed. However, the trial judge concluded Westley failed to prove that he had suffered an injury which was the cause of any present disability.
A trial court may accept or reject an opinion expressed by a medical expert, depending on what impression qualifications, credibility, and the testimony of an expert makes on the court. Woods v. Petroleum Helicopters, Inc., 415 So.2d 978 (La.App. 1st Cir.1982).
Dr. Guidry, on behalf of himself and Dr. Landry, testified essentially that it was their opinion Westley had not sustained permanent partial physical disability as a result of the PATCO accident. Dr. Watermeier stated in his deposition that it was his opinion that Westley's possible disability was caused by the accident. It was not improper for the trial judge to resolve this conflict in testimony in favor of Dr. Guidry.[3]
In deciding whether an employee has proven his claimed disability, the totality of the evidence, medical and lay, must be considered. Woods v. Petroleum Helicopters, Inc., 415 So.2d at 982. It is the trial judge's function to determine the weight which is to be accorded the medical and the lay testimony. Woods v. Petroleum Helicopters, Inc., 415 So.2d at 983.
The trial judge apparently believed the lay testimony of Gary Fitch, a co-employee, to the effect that Westley worked at his regular job after the accident and performed his normal duties. The trial judge also took notice of the fact that Westley failed to prove any loss time from employment from the time of the accident until November, 1982, when Dr. Watermeier advised him to stop working.
It is well established that on appellate review, the trial court's factual findings as to disability are entitled to great weight and are not to be disturbed in the absence of manifest error. Woods v. Petroleum Helicopters, Inc., 415 So.2d at 983.
Upon review of the record, we find the trial judge did not commit manifest error in finding that Westley failed to show he sustained an injury with PATCO which was the cause of any claimed present disability.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
SHORTESS, J., dissents. Plaintiffs problem started with the accident and have progressed until he can't work. His physician *357 says he is disabled and wants to perform more tests. I think he should have the tests.
NOTES
[1] Westley was originally hired by Pressure Services, Inc. In mid-December, 1981, Patco Rental Tools was split from Pressure Services, Inc. Thereafter, Westley claims he worked for Patco Rental Tools.
[2] As of January, 1983, Cloverlay had no employees.
[3] Dr. Guidry testified at trial. The trial judge's reliance on his testimony is governed by the manifest error rule. Dr. Watermeier testified by deposition. The manifest error standard is not applicable to testimony presented by deposition. Gould v. State, Louisiana Department of Corrections, 435 So.2d 540 (La.App. 1st Cir. 1983), writ denied, 438 So.2d 1107 (La.1983).