454 So.2d 303 (1984)
Florence JACOBS
v.
PIK-QUICK, INC., et al.
No. CA-1663.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
Roma Rita Plunkett, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendants-appellees.
Darleen M. Jacobs, New Orleans, for plaintiff-appellant.
Before GULOTTA, BARRY and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff brought this suit for total and permanent disability benefits in workers' compensation. After a bench trial, plaintiff *304 was awarded judgment against defendant in the amount of $3,500.00 plus interest. Plaintiff appeals.
While working in defendant's grocery store on January 2, 1977, plaintiff tripped over a loose floor board and fractured her left kneecap. She was treated by Dr. Essam Elmorshidy, who placed her leg in a cast. The cast was removed on February 24, 1977. Dr. Elmorshidy considered plaintiff's recovery uneventful and complete and on May 25, 1977, discharged her to return to her normal activities.
On March 29, 1978, 10 months after her discharge from Dr. Elmorshidy's care, plaintiff consulted Dr. Marshall Book complaining of recurrent pain and swelling in her left knee and episodes of weakness in the knee which caused it to give way. A tear in the medial meniscus cartilage of the knee was diagnosed. Evidence of the earlier fracture, however, was no longer visible by x-ray and Dr. Book considered it completely healed.
Plaintiff underwent further diagnostic testing and saw Dr. Book a second time on April 17, 1978. At this time surgery was recommended, but plaintiff did not consent. At follow-up evaluations on August 23, 1978, and August 20, 1979, Dr. Book continued to recommend surgery. Plaintiff agreed to, but then cancelled, surgery scheduled for September, 1979.
Plaintiff was next seen on August 6, 1980, and underwent surgery on September 18, 1980. It was Dr. Book's opinion that from the time plaintiff entered his care in March, 1978, until she underwent surgery in September, 1980, plaintiff could perform her job as a waitress, and that six weeks after her surgery plaintiff was able to resume work.
Dr. Book saw plaintiff nine times between her initial surgery and a second knee operation on April 29, 1982. Dr. Book felt that plaintiff was capable of working until the second operation. He saw plaintiff several times after the second operation up to the time of trial, and felt that after a recovery period, plaintiff was again capable of resuming work.
At trial, Dr. Book gave plaintiff a 10% permanent partial physical imparity rating for her left knee.
On appeal, plaintiff asserts that the trial court erred in failing to find that plaintiff is an "odd-lot" employee entitled to permanent total disability benefits under La.R.S. 23:1221(2). That provision directs that compensation be paid:
(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training and experience, sixty-six and two-thirds per centum of wages during the time of such disability.
Plaintiff contends that the fall she suffered while in defendant's employ on January 2, 1977, not only resulted in a fractured kneecap, but also was the proximate cause of the torn medial meniscus and other progressive knee damage responsible for the surgery she underwent in 1980, and 1982. The pain she suffers due to her degenerative knee condition, plaintiff asserts, is so substantial that it precludes her ability to engage in any gainful occupation for wages and renders her totally and permanently disabled within the terms of the Workers' Compensation Act.
A claimant is not considered disabled solely because he suffers some residual pain and discomfort upon returning to work following a work-related accident; the pain must be substantial or appreciable. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980). Whether the pain suffered by a claimant is substantial enough to be disabling is a question of fact for the trial court to decide. Newell v. U.S. Fidelity & Guaranty Co., 368 So.2d 1158 (La.App. 3d Cir.1979). Proof of disability caused by subjective pain depends to a great extent on the trial court's evaluation of a claimant's credibility in light of medical *305 testimony presented. Holmes v. Morville Plantation, Inc., 314 So.2d 752 (La. App. 4th Cir.1975).
Within five months of her fall on January 2, 1977, Dr. Elmorshidy considered plaintiff fully recovered and ready to resume work. Dr. Book felt the only time plaintiff was incapable of work was during a six week recovery period after her first operation, and a slightly longer period after the second. Plaintiff, however, has never resumed any kind of work since January 2, 1977.
Plaintiff testified that her pain was too great to seek employment and that even when she did try, she was turned away because of her knee condition. The only effort to find employment that plaintiff related at trial, however, was a visit in May of 1981, to a restaurant the name of which she was unable to recall.
As of the date of her accident, January 2, 1977, plaintiff had worked for defendant for two weeks. She testified that the only other occasion she had been employed was from 1962 to 1964, when she worked at an A & G Cafeteria.
The issue of substantial pain in a workers' compensation case is a credibility question that the appellate court will reverse only where the trial court, in weighing lay and medical testimony, has committed manifest error. Farrar v. Guy Atkinson Co., 325 So.2d 893 (La.App. 2d Cir. 1976). The trial court weighed the testimony of plaintiff's doctors against plaintiff's own testimony and concluded plaintiff was not totally and permanently disabled. We find no manifest error. In fact, defendant's insurer voluntarily paid plaintiff 66 2/3% of her weekly wages, the equivalent of total permanent disability compensation, from January 2, 1977, until the trial court's judgment on April 19th, 1983, 348 weeks later. At trial, the $58.67 weekly defendant had paid plaintiff amounted to $20,417.16. Further, defendant's insurer has paid, and agrees to continue to pay, all medical expenses connected with plaintiff's knee condition.
The trial court judgment ordered the defendant to pay plaintiff $3,500.00. This sum is distinct from, and in addition to, the funds voluntarily paid and to be paid by the defendant. Since the defendant has not disputed this supplement, we find no reasons to disturb the award.
For the foregoing reasons the decision of the trial court is AFFIRMED.
AFFIRMED.
BARRY, J., concurs.
BARRY, Judge, concurring.
The $3,500.00 is a lump sum for future disability, clearly not provided by the comp statute.
However, as noted, this gratuitous award was not questioned and should stand.