489 So.2d 311 (1986)
Melba SINO
v.
CHALMETTE GENERAL HOSPITAL, INC., and Zurich-American Insurance Companies.
No. CA-4851.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Windhorst, Pastorek & Gaudry, Daniel A. Ranson, Gretna, for appellees.
Kirchberg & Schoenberger, Alan F. Schoenberger, New Orleans, for appellant.
Before SCHOTT, BYRNES and HUFFT, JJ.
*312 BYRNES, Judge.
Plaintiff, Melba Sino, appeals the dismissal of her claim for worker's compensation benefits from Chalmette General Hospital (Chalmette General) and their insurer Zurich-American Insurance Company (Zurich) pursuant to La.R.S. 23:1221 et seq. We affirm.
As an employee of Chalmette General, appellant worked in the kitchen as a pot scrubber. On November 16, 1983, she slipped on water from a leaky pipe, fell, and injured her back in the midsection between her shoulder blades. At that time, she began receiving $115.00 a week in benefits.
Since the injury occurred, the appellant has seen five doctors. Her initial physician, Dr. Walter Brent, concluded after one month of treatment that although appellant might suffer some residual pain, she could return to work. Her general physician, Dr. David Shurdan, agreed with Dr. Brent and urged the appellant to return to work.
Between February 27 and April 25, 1984, appellant saw a third physician, Dr. D.S. Condi. He conducted several tests and diagnosed a chronic dorsal sprain. On the 25th of April, he also advised her to return to work.
Appellant's worker's compensation payments were terminated on May 4, 1984. During the period that she received benefits, appellant did not attempt to return to work.
On May 10, 1984, appellant saw Dr. Alain F. Cracco, who confirmed that she showed the normal range of movement in the spine and shoulder area, and showed no signs of neurological deficit. In addition, he advised the appellant that rehabilitation of the muscles would be improved by functional occupational therapy, i.e. a return to light duty at Chalmette-General. She declined this advice and did not return to work.
On September 12, 1984, appellant consulted a fifth physician, Dr. Bruce Razza. Although no new evidence or tests indicated a different prognosis, he recommended fusion surgery at the earliest possible date. On the basis of this doctor's opinion indicating a temporary disability, appellant sued for reinstatement of worker's compensation benefits. After the hearing, the trial judge dismissed the suit on the ground that appellant had failed to meet her burden of proof.
On appeal, she raises three assignments of error: 1) that the trial court's holding on disability was in error; 2) that the trial judge should order Chalmette-General to provide rehabillative services pursuant to La.R.S. 23:1226; and 3) that the judge's statements during the case were highly prejudicial and warrant reversal. Having reviewed the record, we find these assignments to be without merit and affirm the judgment of the lower court.
Under Louisiana worker's compensation law, a plaintiff must prove by a preponderance of the evidence that she is disabled. Jaeckle v. Dresser Industries, 457 So.2d 646 (La.1984); Jacobs v. Pik-Quick, Inc., 454 So.2d 303 (La.App. 4th Cir.1984). The parties do not dispute the fact that appellant suffers some residual pain. The key issue before the trial court was whether this pain was severe enough to be disabling. The extent of disability is a question of fact for the trial court to determine in light of the medical testimony and its evaluation of the plaintiff's credibility. Jacobs, supra; Holmes v. Morville Plantation, Inc., 314 So.2d 752 (La.App. 4th Cir.1975).
Here the medical testimony overwhelmingly supports the court's conclusion that the appellant's injury was not severe enough to be considered disabling. Four of the five doctors treating her concluded that her pain was aggravated by lack of activity. Moreover, tests revealed that appellant retained a normal range of mobility and showed no signs of neurological deficit. One doctor advised returning to light duty at Chalmette-General as functional occupational physical therapy. In her testimony, appellant admitted that she could have returned to several openings at Chalmette-General, but claimed that she was in too much pain to do so. Her fifth physician *313 does recommend fusion surgery; however, he admits that his prognosis is based on subjective pain rather than objective new evidence or tests.
This testimony was sufficient to justify the trial court's conclusion that appellant had failed to prove disability and, had not sustained her burden of proof.
Appellant urges us to treat Dr. Bruce Razza as her treating physician. Since a treating physician has the opportunity for repeated examinations and sustained observation of the plaintiff, his testimony is given greater weight than that of a physician seen for litigation purposes. Irvine v. Sentry Insurance Co., 415 So.2d 467 (La.App.1st Cir.1982). In the instant case, however, all five physicians could qualify as treating physicians. All five saw her repeatedly and observed her progress over a period of time. None of the five saw her merely for litigation purposes. Thus, their testimony should be given equal weight. We therefore, reject this argument.
In appellant's second assignment of error, she urges the court to order that Chalmette General provide her with rehabilitative services persuant to La.R.S. 23:1226. In pertinent part this statute provides:
When an employee receives an injury covered by this chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. LA.R.S. 23:1226
The statute's purpose is to educate and increase the job marketability of employees who cannot return to their former positions. Koslow v. E.R. Desormeaux, 428 So.2d 1275 (La.App. 3rd Cir.1983). Here, Chalmette-General proved that the appellant could return to her former position. Although she testified that heavy lifting and reaching precluded her from returning to her job, she admitted that janitors performed heavy lifting for the smaller women pot scrubbers and could at the same time help her.
Moreover, Chalmette General proved that they offered, appellant several less strenuous positions at the same wage which she refused. Since the appellant was not precluded from earning wages equal to those earned prior to the injury, Chalmette General was not under an obligation to provide rehabilitative services. This argument is without merit.
Appellant's final argument rests on the theory that the trial judge's comments constitute grounds for reversal. Where no jury is involved, statements made by a trial judge are not prejudicial and, therefore, are not grounds for reversal. Taylor v. Meyer, 432 So.2d 933 (La.App. 4th Cir.1983) LeBlanc v. K-Mart Apparel Fashions Corp., 399 So.2d 753 (La.App. 3 Cir.1981). Here, the comments made by the judge were made during a trial to the court. Moreover, in context of the entire record his comments appear to be addressed to both parties. Absent the presence of a jury, we find no evidence that the court was unfairly prejudiced against the appellant.
For the foregoing reasons, we affirm the decision of the trial court at appellant's costs.
AFFIRMED.