PONDER, Judge.
Plaintiff appealed from the judgment denying his claim for worker’s compensation benefits, statutory penalties and attorney’s fees. The issues are: 1) was plaintiff disabled beyond March 10, 1983, the date his compensation benefits were terminated; and 2) was the termination of plaintiff’s compensation benefits arbitrary and capricious.
We affirm.
Plaintiff, Charles Jones, Jr., was employed by defendant, Boh Brothers, Con *81 struction, Inc., as a laborer doing cement finishing work. He was injured on the job on February 23, 1983 when wet cement splashed into his eyes, causing him to spin around, fall and strike his head on a piece of machinery. He was treated that day by Dr. Robert Blereau, who flushed out plaintiffs eyes and gave him eyedrops and ointment. The doctor made no notation in his notes as to any swelling or discoloration of the forehead. At that time Dr. Blereau indicated plaintiff would be unable to work for a few days. Plaintiff has never returned to work, claiming he suffers debilitating headaches, blackouts, pin prick sensations and dizziness.
After compensation benefits were terminated on March 10, 1983, plaintiff filed suit against Boh Brothers and its insurer, North River Insurance Company, claiming compensation benefits for total and permanent disability, medical expenses, statutory penalties and attorney’s fees. Following trial the court concluded plaintiff had not established he was disabled and rendered judgment in favor of defendants.
Plaintiff argues the trial court erred in concluding he. was not disabled beyond March 10, 1983 as a result of his work accident. In worker’s compensation cases, the plaintiff bears the burden of proving his disability by a preponderance of the evidence. Westley v. Pressure Services, Inc., 452 So.2d 354 (La.App. 1st Cir.1984). In making this determination, the totality of the evidence, medical and lay, must be considered. Id.
The primary evidence of plaintiff’s alleged disability consists of his own testimony as to his subjective complaints of headaches, faintness and dizziness. Both he and his wife also testified he suffers blackouts on occasion. However, the medical evidence introduced, including depositions from two eye, ear, nose and throat specialists, one neurologist, one neurosurgeon and Dr. Blereau, indicates there were no objective findings supporting plaintiff’s complaints, despite numerous medical tests. Of the physicians, only one gave any indication of believing plaintiff was incapable of returning to work and he admitted this conclusion essentially was based on plaintiff’s subjective complaints.
Proof of a disability based on a claimant’s subjective complaints, where there are no objective substantiating findings depends largely upon the court’s evaluation of the claimant’s credibility. See Jacobs v. Pik-Quick, Inc., 454 So.2d 303 (La.App. 4th Cir.1984); Levickey v. Cargill, Inc., 405 So.2d 615 (La.App. 3d Cir.1981). Having personally observed plaintiff and heard his testimony, the trial court was in a superior position to make this evaluation. The conclusion adverse to plaintiff is fully supported by the record, which includes a number of circumstances reflecting adversely on plaintiff’s credibility. One physician stated he believed plaintiff was malingering on tests given him. Another physician said plaintiff exaggerated his responses to certain tests, which accordingly had to be repeated. The latter physician also stated plaintiff once appeared for an appointment obviously under the influence of a foreign substance. Plaintiff explained he had had a few alcoholic drinks or was on something which he could not remember the name of, but denied taking any prescribed medication.
In addition, there was a significant discrepancy between the account of his accident which plaintiff gave Dr. Michelle Ar-ceneaux, one of the physicians who examined him, and the account he gave at trial. He told Dr. Arceneaux he fell and struck the back of his head on a piece of machinery. However, at trial plaintiff stated he hit his forehead. Aside from the credibility issue, this discrepancy is significant because the medical evidence indicates a blow to the forehead was unlikely to produce symptoms such as those complained of by plaintiff unless the blow was particularly severe.
Another irreconcilable conflict exists between plaintiff’s account of his visit to a doctor, to whom he was referred by defendants, and the doctor’s account of this visit. Plaintiff claimed that upon entering his office, the doctor immediately began argu *82 ing with him and accused him of being a malingerer and on drugs. He denies the doctor even examined him. However, the doctor specifically stated he performed an examination of plaintiff and made no mention of the alleged argument, but did say that plaintiff became upset when told the results of his examination were normal.
Under these circumstances we find no error in the trial court’s conclusion that plaintiff did not prove his alleged disability by a preponderance of the evidence.
Plaintiff also argues defendants were arbitrary and capricious in terminating his worker’s compensation on March 10, 1983 and are therefore liable for penalties and attorney’s fees. We find no manifest error in the trial court’s conclusion that plaintiff was not disabled after March 10, 1983. Accordingly, there is no merit to plaintiff’s claim for penalties and attorney’s fees.
For the above reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.