WATKINS, Judge.
This is a suit for workers compensation brought by Falbert John Butler against Rick Barrios d/b/a Barrios Construction Company and Fireman’s Fund, Barrios’ alleged insurer. It later developed that Barrios had no workers compensation insurance in effect at the time of the alleged accident. Fireman’s Fund did not file an answer and was for all practical purposes *806 ignored at the trial on the merits and on appeal.
The trial court at the close of the original trial found plaintiff, Mr. Butler, totally temporarily disabled and awarded him $245.00 per week commencing 23 May 1984 and continuing for the period of the disability, and medical and drug expenses. Defendant applied for a new trial, which was granted. At the new trial, Butler introduced as an exhibit the transcript of testimony of the original trial and sought to introduce the medical reports of two physicians who had examined Butler at Barrios’ request, viz. Dr. Lawrence J. Fogel, a neurologist, and Dr. William L. Fisher, Jr., a neurosurgeon. The introduction of these reports was denied, the reports being considered hearsay, and plaintiff proffered them. After the conclusion of the new trial, the trial court dismissed plaintiffs suit. Butler appeals to this court. We reverse and reinstitute the trial court’s original judgment.
There appears to be little genuine dispute as to how the accident occurred. On May 23, 1984, Mr. Butler, while in the course and scope of his employment with Rick Barrios d/b/a Barrios Construction Company, was driving a post for a wharf with a post driver, which he lifted above his head, when he felt a twinge in his lower back. He wrapped his shirt around his waist and continued to work. As he worked, a severe pain began to develop. He quit working about 11:00 or 11:30 a.m. and reported the accident to his foreman, who sent Butler home. From there he went to his family physician, Dr. Robert N. Helm, who examined him and sent him home.
Butler felt and continues to feel severe pain in the back and left leg. Butler saw Dr. Helm about four times and his associate, Dr. Harry J. Kellerman, once. Both physicians thought that there was a distinct possibility Butler had a disc problem, and thought he should see a neurosurgeon and undergo a myelogram or a CAT scan. However, Butler’s resources were very limited and Barrios, who had no workers compensation insurance, did not advance the medical expenses.
At defendant’s request, Butler saw Dr. Fogel and Dr. Fisher. The reports of these two physicians were sent to counsel for Butler between the first and second (new) trials. We have examined the two reports, and although Dr. Fogel’s report indicates some normal findings as a result an elec-tromyogram, the basic thrust of the two reports is that there is a strong possibility Butler sustained a herniated disc in his lower back with nerve root compression syndrome, and that further medical evaluation is needed. The reports were considered hearsay by the trial court, and refused admission into the record. However, they were proffered. If the medical reports should be found by us to be admissible, we would have no difficulty in finding Butler to be temporarily totally disabled within the contemplation of the applicable provision of the Louisiana workers compensation statute, LSA-R.S. 23:1221(1).
Butler contends that the proffered medical reports are admissible under the provisions of LSA-R.S. 23:1122 and the holding of the Louisiana Fourth Circuit in Doss v. American Ventures, Inc., 224 So.2d 470 (La.App. 4th Cir.1969), writ denied, 254 La. 829, 227 So.2d 373, appeal after remand, 248 So.2d 358, writ issued, 259 La. 753, 252 So.2d 453, reversed on other grounds, 261 La. 920, 261 So.2d 615 (1972).
LSA-R.S. 23:1122 reads as follows:
The employer shall cause the examination provided for in the preceding Section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer’s physician upon the employee within six days after the employer’s receipt of the report of such examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the actual cost of the examination and the actual cost of the report. The physi *807 cian’s invoice or receipt shall be prima facie proof of the cost. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter.
The circuits are in conflict as to the admissibility of medical reports. The only case decided by us on the point, Richard v. Guillot, 271 So.2d 719 (La.App. 1st Cir.1972), holds that a medical report is inadmissible unless there is substantial compliance with the provisions of LSA-R.S. 23:1122. Hoffpauir v. Hardware Mutual Cas. Co., 192 So.2d 588 (La.App. 3d Cir.1966) indicates that under the language of LSA-R.S. 23:1122 medical reports are admissible for the facts contained therein, but are inadmissible as hearsay to establish the medical opinions contained in the reports. Doss, supra holds that medical reports are admissible as they are used to establish the fact that a certain opinion is held. Butler v. Overnight Transport, 444 So.2d 676 (La.App. 5th Cir.1984), while purporting to follow Hoffpauir, supra, holds simply that all medical reports are hearsay.
In the present case, there has been substantial compliance with the provisions of LSA-R.S. 23:1122. The two proffered medical reports were sent by counsel for defendant to counsel for plaintiff, who, obviously, would not dispute the reports or any statement contained therein, as the net effect of the two reports is favorable to plaintiffs case. When LSA-R.S. 23:1122 states that the reports shall be prima facie evidence of the facts contained therein, it is our view that the word “facts” is used in a broad sense, as was the interpretation of the statute in Doss, supra, so that the fact that a certain opinion is held is admissible in evidence. We therefore hold that the two proffered reports should properly have been admitted in evidence. The net effect of the two reports is to indicate some form of total disability, as we have stated.
We therefore find that Butler is temporarily totally disabled, noting that his condition is subject to review every six months under the provisions of LSA-R.S. 23:1331 C.
The judgment of the trial court is reversed, and judgment is rendered in favor of Falbert John Butler and against Rick Barrios d/b/a Barrios Construction Company awarding workers compensation benefits of $245.00 per week commencing May 23, 1984, and payable weekly during the period of disability, plus all medical benefits. Judgment is further rendered in favor of Falbert John Butler in the sum of $425.96 for unpaid medical expenses. The fees of Dr. Helm and Dr. Kellerman are fixed at $100.00 and taxed as costs. All costs of the trial court and on appeal shall be paid by defendant, Rick Barrios d/b/a Barrios Construction Company.
REVERSED AND RENDERED.