555 So.2d 29 (1989)
Judy Ann BROWN
v.
J. MANOCO, INC. and Commercial Union Insurance Agency.
No. 88 CA 1845.
Court of Appeals of Louisiana, First Circuit.
December 19, 1989.
Writ Denied March 22, 1990.
Arthur Cobb, Baton Rouge, for plaintiffappellant Judy Ann Brown.
Charles A. Schutte, Jr., Baton Rouge, for defendant-appellee Jay Manoco, Inc., Commercial Union Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, denying plaintiff's claim for worker's compensation benefits.

FACTS
In February, 1985, plaintiff, Judy Ann Brown, was employed by J. Manoco, Inc. as a cashier at its Kajon Food Store on Florida Boulevard in Baton Rouge. On February 5, 1985, while working the night shift from 11:00 p.m. to 7:00 a.m., plaintiff was sexually *30 attacked by a customer, who was later convicted of sexual battery.
After this attack, plaintiff remained off work for approximately one week. Thereafter, plaintiff returned to work on the afternoon shift, working from 3:00 p.m. to 11:00 p.m. On Thanksgiving Day, November 22, 1985, plaintiff was again attacked. While on duty, four men entered the store and made sexually suggestive remarks to plaintiff. Thereafter, one of the men grabbed one of plaintiffs breasts. At that time, plaintiff became hysterical, and the men left the store.
Plaintiff testified that she did not return to work for approximately one month after the second attack, but that she returned to work on a part-time basis during the first part of 1986.[1] Thereafter, plaintiff was no longer employed at Kajon Food Store.[2] Although plaintiff applied for jobs at other stores, plaintiff testified that no store would hire her once they learned of her experiences at Kajon Food Store. Plaintiff testified that she went to work at Airline Food Mart in 1987, but left when she was accosted by a drunken customer who spoke loudly to her. Plaintiff, who was pregnant at the time, became hysterical, was hospitalized, and subsequently suffered a miscarriage, losing her child. Plaintiff has not been employed at any other job since that time.
On March 25, 1986, plaintiff filed a claim for worker's compensation benefits, which was denied. Thereafter, on October 8, 1986, plaintiff filed the instant suit for worker's compensation and medical benefits for the mental injuries she suffered as a result of the February, 1985 and November, 1985 attacks.
In December of 1987, plaintiff began seeing Candace Lee, a social worker at the Family Counseling Service. Plaintiff saw Ms. Lee on approximately four occasions. Thereafter, in March of 1988, plaintiff sought treatment from Dr. Henry Ehrlich, a psychiatrist, whom plaintiff saw twice.
After trial on the merits, the trial court determined that plaintiff failed to prove a disability by a preponderance of the evidence.[3] The trial judge also determined that certain evidentiary offerings made by plaintiff were not admissible. Accordingly, the trial judge rendered judgment in favor of J. Manoco, Inc. and Commercial Union Insurance Company and against plaintiff, denying plaintiff's claim for worker's compensation and medical benefits and dismissing her suit.
From this adverse judgment, plaintiff appeals, assigning the following errors:
(1) The trial court erred in failing to admit into evidence the report of Dr. Henry Ehrlich.
(2) The trial court erred in failing to find that plaintiff met her burden of proving that she suffered a disabling injury as a result of the work-related accident.

ARGUMENT
Plaintiff contends that the trial court erred in failing to admit into evidence the psychiatric report of Dr. Henry Ehrlich. Plaintiff reasons that the law clearly permits a finding of a compensable work-related mental injury without physical injury and that the psychiatric report, which was improperly excluded, clearly established such mental injury.
Admissibility of Report
LSA-R.S. 23:1122 provides:
The employer shall cause the examination provided for in the preceding Section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer's physician upon *31 the employee within six days after the employer's receipt of the report of such examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the actual cost of the examination and the actual cost of the report. The physician's invoice or receipt shall be prima facie proof of the cost. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter.
LSA-R.S. 23:1122 allows submission of a medical examination report in lieu of the trial testimony of the physician as prima facie evidence, if, upon serving the report of the physician upon the opposing party, the party does not object to said report or any part within six days of service. In Richard v. Guillot, 271 So.2d 719 (La.App. 1st Cir.1972), the court stated that there must be substantial compliance with LSA-R.S. 23:1122 for said report to be admissible into evidence at trial. See also Butler v. Barrios, 506 So.2d 805 (La.App. 1st Cir.1987), writ denied, 508 So.2d 71 (La.1987).
A thorough review of the record reveals that plaintiff did not substantially comply with LSA-R.S. 23:1122. The psychiatric examinations, which are the subject of the report, were conducted on March 22 and 30, 1988. The report, although dated April 7, 1988, was not received by plaintiff's counsel until April 11, 1988, nine days before trial. Counsel for J. Manoco, Inc. was not apprised that plaintiff had consulted Dr. Ehrlich until he received a copy of the report on April 14, 1988, six days before trial. Further, although the pretrial order, filed by plaintiff on April 18, 1988, lists the report as an exhibit, plaintiff failed to list and did not call Dr. Ehrlich as a witness, despite the fact that defendant had no opportunity to question Dr. Ehrlich as to his opinion.
Clearly, plaintiff's failure to comply with the provisions of LSA-R.S. 23:1122 deprived defendant of an opportunity to prepare a defense and/or respond to plaintiff's evidence. LSA-R.S. 23:1122 is not a device to enable counsel to unexpectedly spring evidence upon the opposing party, but is a method of promoting judicial efficiency and discouraging needless testimony. Therefore, we find that the action of the trial court excluding the report of Dr. Ehrlich was proper.
Having determined that the psychiatric examination report is inadmissible, we must determine whether plaintiff established, by a preponderance of the evidence, that she suffered work-related injury which rendered her disabled under LSA-R.S. 23:1221(1).
Under Louisiana worker's compensation law, a plaintiff must prove by a preponderance of the evidence that he is disabled. Jaeckle v. Dresser Industries, Inc., 457 So.2d 646 (La.1984), on remand, 465 So.2d 65 (La.App. 1st Cir.1985); Sino v. Chalmette General Hospital, Inc., 489 So.2d 311 (La.App. 4th Cir.1986). See also Jacobs v. Pik-Quick, Inc., 454 So.2d 303 (La.App. 4th Cir.1984). LSA-R.S. 23:1221(1), in effect at all times pertinent hereto, provided for temporary total disability as follows:
For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
The law is clear that mental injury, even absent any apparent signs of physical trauma, may be compensable. Williams v. Regional Transit Authority, 546 So.2d 150 *32 (La.1989); Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989).
The key issue before the trial court was whether plaintiff sustained a mental injury severe enough to be disabling, which is a question of fact. A trial court's determination of fact based upon a reasonable evaluation of the credibility of the evidence will not be disturbed unless those findings are clearly wrong. Lanus v. Gulf Wandes Corp., 470 So.2d 492 (La.App. 1st Cir.1985); Field v. Winn Dixie Louisiana, Inc., 427 So.2d 616 (La.App. 5th Cir.1983).
In the instant case, the parties do not dispute the fact that plaintiff was attacked at the Kajon Food Store. Plaintiff had the burden of establishing by a preponderance of the evidence that she suffered a disabling mental injury as a result of this attack. After hearing all of the admissible evidence, which consisted basically of plaintiff's own testimony and that of her family, the trial court evaluated plaintiff's credibility and determined that plaintiff's testimony regarding her disability was not credible. The trial judge then determined that plaintiff had not sustained her burden of establishing that she was disabled as a result of a work-related accident.[4] We have carefully reviewed the record under the appropriate standard and cannot say that the trial judge was manifestly erroneous.

CONCLUSION
For the above reasons, the trial court judgment is affirmed. Plaintiff is cast for all costs.
AFFIRMED.
NOTES
[1] The payroll records introduced as P-9 reveal that plaintiff continued to work part-time at Kajon Food Store for a month following the second attack.
[2] After plaintiff left her employment at Kajon Food Store, she collected unemployment compensation for approximately six months.
[3] The trial court also sustained a peremptory exception pleading the objection of prescription as to plaintiff's claim for benefits as a result of the February, 1985 attack. Plaintiff has not appealed this finding. Therefore, the issues involving the first attack are not before us on appeal.
[4] In his reasons for judgment, the trial court stated that, regardless of whether Dr. Ehrlich's report was admissible, the report did not establish that plaintiff was disabled.